IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT LABORATORIES,<br>an Illinois corporation,<br><br>    Plaintiff,<br>              v.<br><br>TEVA PHARMACEUTICALS USA, INC.,<br>a Delaware corporation,<br><br>    Defendant. | Civil Action No. 07-250-*** |

**PROPOSED DATES FOR SCHEDULING ORDER**

Pursuant to the October 22, 2007 scheduling conference, counsel for Abbott Laboratories ("Abbott") and counsel for Teva Pharmaceuticals USA, Inc. ("Teva") respectfully submit the following revised proposal relating to scheduling for this matter.[1]

**A.      Nature of the Case**

This is a patent infringement case arising under the Hatch-Waxman Act, 35 U.S.C. § 271(e)(2). Abbott markets a prescription medication known as DEPAKOTE®ER (extended-release), which has been approved by FDA for treatment of epilepsy, bipolar disorder, and prophylaxis of migraine headaches. Abbott owns certain patents, including U.S. Patent No. 6,410,953 ("the '953 patent"), that are listed in the FDA's "Orange Book" in conjunction with DEPAKOTE®ER. The '953 patent covers a formulation for achieving the extended release of a drug product over time, and the patent expires December 18, 2018.

---

[1] The parties are submitting a proposed scheduling order based on Magistrate Judge Thynge's form of order as an attachment to this document.

Teva has filed Abbreviated New Drug Application No. 78-700 (the "ANDA"), seeking FDA approval of a proposed generic version of DEPAKOTE®ER. In the ANDA, Teva included a certification (known as a Paragraph IV Certification) stating that its proposed product, if allowed on the market, would not infringe any valid claim of, among other things, the '953 patent. Thus, Teva seeks approval to market its product prior to the expiry of the patent.

As required by statute, Teva provided notice to Abbott about the filing of the ANDA and the Paragraph IV Certification. Within 45 days of receiving that notice, Abbott filed this action, alleging that Teva's proposed generic product would, if allowed on the market, infringe the '953 patent. As a result of Abbott's timely filing, there is currently in place a statutory stay that will prevent FDA approval of the ANDA for a period of 30 months (until September 2009), absent some earlier resolution of this matter on the merits. Teva has answered the complaint, denying infringement, and has asserted a counterclaim seeking a declaratory judgment that its proposed product does not infringe any claim of the '953 patent. Teva has not asserted invalidity as a defense in this action.

**B.    Prior Scheduling Order**

After a June 13, 2007 scheduling conference, the Court ordered the following schedule:

| Proposed Date | Event |
|---|---|
| 6.18.07 | Teva must produce ANDA to Abbott |
| 6.25.07 | Initial Rule 26(a)(1) disclosures due |
| 10.19.07 | Deadline to amend the pleadings or join additional parties |
| 10.22.07 | Status/scheduling conference with the Court |

2

C.  **Agreed Matters**

Counsel for the parties previously conferred and agree that 70 hours per side for depositions should be sufficient.[2] If there is a need to expand this time allotment as the case progresses, the parties will work together in good faith to address the issue.

D.  **Contested Matters**

The parties were unable to agree on a joint schedule for pretrial and trial activities. Abbott proposes a trial date in February 2009; Teva proposes a trial date in October 2008. The parties' respective proposed schedules are set forth below.

**Abbott's Proposal**

Abbott proposes the following schedule:

| Proposed Date | Event |
| --- | --- |
| 3.14.08 | Parties Exchange Proposed Claims Constructions |
| 3.28.08 | Close of Fact Discovery |
| 4.14.08 | Parties Submit a Joint Claim Construction Chart |
| 4.28.08 | Opening Briefs on Claim Construction Due |
| 5.19.08 | Responsive Briefs on Claim Construction Due |
| 6.16.08 | Initial Expert Reports Due |
| 7.16.08 | Responsive Expert Reports |
| 8.19.08 | Close of Expert Discovery |
| 9.09.08 | Daubert Challenges (if any) to Expert Testimony Due |
| 9.30.08 | Responses to Daubert Challenges (if any) Due |
| 11.17.08 | Final Pretrial Order (Including Motions *in Limine*) Due |
| 12.01.08 | Tutorial describing technology & matters at issue |
| 12.22.08 | Comments to opposing party's Tutorial due |
| 1.20.09 | Final Pretrial Conference |

---

[2] Time consumed by the party in actual questioning of the witness shall count against that party's time, regardless of which party noticed the deposition.

2.17.09            Trial (Markman Hearing at beginning of trial)

**Teva's Proposal**

Teva proposes the following schedule:

| Proposed Date | Event |
|---|---|
| 3.14.08 | Parties Exchange Proposed Claims Constructions |
| 3.28.08 | Close of Fact Discovery |
| 4.01.08 | Parties Submit Joint Claim Construction Chart |
| 4.15.08 | Opening Briefs on Claim Construction Due |
| 5.01.08 | Responsive Briefs on Claim Construction Due |
| 5.15.08 | Initial Expert Reports Due |
| 6.06.08 | Responsive Expert Reports Due |
| 7.01.08 | Close of Expert Discovery |
| 8.01.08 | Deadline for any Daubert Challenges to Expert Testimony |
| 8.15.08 | Responses to Daubert Challenges |
| 9.01.08 | Final Pretrial Order (Including Motions *in Limine*) Due |
| 9.15.08 | Final Pretrial Conference & Tutorial Describing Technology & Matters at Issue |
| 9.30.08 | Comments to Opposing Party's Tutorial Due (necessary only if tutorial is by videotape) |
| 10.20.08 | Trial (Markman Hearing at beginning of Trial) |

Dated: October 29, 2007                     Respectfully submitted,

                                                        By: */s/ Jeffrey T. Castellano*
                                                        Jeffrey T. Castellano (No. 4837)
E-mail: jcastellano@ycst.com
YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600

John L. North
Georgia Bar No. 545580
Jeffrey J. Toney
Georgia Bar No. 714615
Jackie L. Toney
Georgia Bar No. 728140
Kristin E. Goran
Georgia Bar No. 159071
David A. Reed
Georgia Bar No. 185146

Sutherland Asbill & Brennan LLP
999 Peachtree Street
Atlanta, Georgia 30309-3996
Phone: 404-853-8000
Fax: 404-853-8006

Katherine R. Lahnstein
Georgia Bar No. 431107
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004-2415
Phone: 202-383-0100

*Attorneys for Teva USA Pharmaceuticals USA, Inc.*

By: /s/ *Paul E. Crawford*
Paul E. Crawford (No. 0493)
E-mail: pcrawford@cblh.com
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange St.
P.O. Box 2207
Wilmington, DE 19899
(T) 302.658.9141
(F) 302.658.5614


Daniel E. Reidy (admitted *pro hac vice*)
 E-mail: dereidy@jonesday.com
James R. Daly (*admitted pro hac vice*)
 E-mail: jrdaly@jonesday.com
Jason G. Winchester (*admitted pro hac vice*)
 E-mail: jgwinchester@jonesday.com
Jeremy P. Cole (*admitted pro hac vice*)
 E-mail: jpcole@jonesday.com
Melissa B. Hirst (*admitted pro hac vice*)
 E-mail: mbhirst@jonesday.com
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois  60601-1692
(T) 312.782.3939
(F) 312.782.8585

*Attorneys for Abbott Laboratories*

# Attachment to

# **PROPOSED DATES FOR SCHEDULING ORDER**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT LABORATORIES,<br><br>    Plaintiff,<br><br>         v.<br><br>TEVA PHARMACEUTICALS USA, INC.,<br><br>    Defendant. | Civil Action No. 07-250-*** |

## JOINT PROPOSED SCHEDULING ORDER

This ___ day of October, 2007, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on October 22, 2007, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>E-Discovery Default Standard.</u>  If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

2. <u>Discovery.</u>

    a    <u>Limitation on Hours for Deposition Discovery.</u> Each side is limited to a total of 70 hours of taking testimony by deposition upon oral examination.  Time consumed by the party in actual questioning of the witness shall count against that party's time, regardless of which party noticed the deposition.

    b. <u>Location of Depositions.</u> Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    c. <u>Discovery Cut Off.</u> All discovery in this case shall be initiated so that it will be completed on or before March 28, 2008. Expert discovery shall be completed by [Teva - July 1, 2008] [Abbott - August 19, 2008]. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    d. <u>Disclosure of Expert Testimony.</u> For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before [Teva - May 15, 2008] [Abbott – June 16, 2008]. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before [Teva - June 6, 2008] [Abbott - July 16, 2008]. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. To the extent any objection to expert testimony is made pursuant to the principles announced in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than [Teva – August 1, 2008] [Abbott – September 9, 2008], and responses shall be filed no later than [Teva – August 15, 2008] [Abbott – September 30, 2008].

2

DB02:6330679.2                                          065982.1002

    e. <u>Discovery Matters.</u> Should counsel find they are unable to resolve a discovery matter, the parties involved in the discovery matter(s) shall contact chambers at (302) 573-6173 to schedule a telephone conference. Not less that forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reason for its opposition. Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s). Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders or motions for extension of time for briefing case dispositive motions which are related to discovery matters are to be addressed in the first instance in accordance with this paragraph.

 3. <u>Protective Order.</u> The Court entered a protective order in this case on July 17, 2007.

 4. <u>Papers Filed Under Seal.</u> When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

 5. <u>ADR Process.</u> The parties will discuss the possibility of ADR at a later date, to be determined upon the assignment of this case to a United States District Court Judge.

 6. <u>Tutorial Describing the Technology and Matters in Issue.</u> The parties shall provide the Court by [Teva – September 15, 2008] [Abbott – December 1, 2008], a tutorial on

3

the technology at issue. In that regard, each party may submit a videotape/CD of not more than 30 minutes. The parties may choose to present the tutorial in person. In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions. If the parties choose to file videotapes/CDs, they should be filed under seal as part of the Court's file, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's videotape/CD tutorial. Any such comment shall be filed no later than [Teva – September 30, 2008] [Abbott – December 22, 2008]. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

       7.    <u>Case Dispositive Motions.</u> The parties have agreed that no pretrial case dipositive motions will be filed.

       8.    <u>Claim Construction Issue Identification.</u> If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on March 14, 2008, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on [Teva – April 1, 2008] [Abbott – April 14, 2008]. The parties Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

9. <u>Claim Construction.</u> The parties shall contemporaneously submit initial briefs on claim construction issues on [Teva – April 15, 2008] [Abbott – April 28, 2008]. The parties' answering/responsive briefs shall be contemporaneously submitted on [Teva – May 1, 2008] [Abbott – May 19, 2008]. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court. Local Rule 7.1.3(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.

10. <u>Hearing on Claim Construction.</u> A hearing at which the Court will hear evidence and argument on claim construction will be scheduled upon assignment of this case to a United States District Court Judge.

11. <u>Applications by Motion.</u> Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

12. <u>Pretrial Conference.</u> A pretrial conference will be scheduled upon assignment of this case to a United States District Court Judge. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order on or before [Teva – September 1, 2008] [Abbott – November 17, 2008].

13. <u>Motions in Limine.</u> Motions in limine shall not be separately filed. All in limine requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five in limine requests, unless otherwise permitted by the Court. The in limine request and any response shall contain the authorities relied upon; each in limine request may be

5

supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument. If more than one party is supporting or opposing an in limine request, such support or opposition shall be combined in a single three (3) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on in limine requests, unless otherwise permitted by the Court.

14. <u>Jury Instructions, Voir Dire, and Special Verdict Forms.</u> Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

15. <u>Trial.</u> The trial of this case will be scheduled upon assignment of this case to a United States District Court Judge.

_____

UNITED STATES MAGISTRATE JUDGE